# In the United States Court of Federal Claims

**No. 10-355C**
**(Filed: December 22, 2010)**

```
* * * * * * * * * * * * * * * *
                               *
FREEDOM SCIENTIFIC, INC.,      *
                               *
              Plaintiff,       *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
              Defendant.       *
                               *
* * * * * * * * * * * * * * * *
```

## ORDER FOR DISMISSAL

This case arises from a complaint filed by Freedom Scientific, Inc. ("Freedom Scientific") alleging that the United States Department of Veterans Affairs ("VA") has failed to pay the plaintiff's costs and attorneys' fees as the VA allegedly agreed to do in connection with the dismissal of a bid protest filed by the plaintiff before the Government Accountability Office ("GAO").  This case is before the court on the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), or, in the alternative, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  For the reasons that follow, the defendant's motion is **GRANTED** and the case must be dismissed for lack of

subject matter jurisdiction.

## I.    BACKGROUND

On March 6, 2009, the VA made an initial award of a contract to supply the agency

with closed circuit electronic devices.  The award went to Enhanced Visions Systems,

Inc., and the plaintiff protested the award before the GAO.  The GAO conducted a

telephonic "outcome-prediction" alternative dispute resolution ("ADR") session with the

parties in early June 2009, at which time the GAO advised both the plaintiff and the

agency that if GAO were to issue a written decision, Freedom Scientific's protest would

be sustained.[1]

On June 9, 2009, the VA subsequently informed the GAO that it planned to take

corrective action and requested that the GAO dismiss the protest.  In a June 10, 2009

email to the GAO the plaintiff's attorney stated:

> We object to the VA's request for dismissal of the protest insofar as the VA's
> letter of June 9, 2009 concerning the corrective action does not address
> Freedom Scientific's request for relief in the form of reimbursement of its
> costs of filing and pursuing the protest or your stated recommendation that the

---

[1]The GAO encourages the use of such ADR, during which a GAO attorney offers an opinion on the merits of the case, sometimes resulting in the agency's decision to take corrective action and pay reasonable protest costs.  See, e.g., Baine Clark Co., B-401172.4, 2010 CPD ¶ 135 (Comp. Gen. June 7, 2010).  The GAO's authority to utilize such procedures is set forth in 4 C.F.R. § 21.10 (2010), which states:

> GAO, on its own initiative or upon request by the parties, may use flexible alternative
> procedures to promptly and fairly resolve a protest, including alternative dispute
> resolution, establishing an accelerated schedule, and/or issuing a summary decision.

4 C.F.R. § 21.10(e).

VA reimburse such costs.  We do not want to waive any right to pursue or obtain these costs.

Counsel for the VA, Maura Brown, was cc'd on this email from the plaintiff.  On June 11,

2009, Ms. Brown replied by email to the GAO and counsel for the plaintiff, stating, "As

part of the corrective action VA agrees to pay reasonable attorneys fees."

The GAO dismissed Freedom Scientific's protest on June 11, 2009 in an order that

states:

> Subsequent to the ADR, the agency advised us that it will take corrective
> action.  Specifically, the agency will reopen discussions . . . and make a new
> award decision. . . . VA will also reimburse the protester in the costs of filing
> and pursuing its protest, including reasonable attorneys' fees.  See Bid Protest
> Regulations, 4 C.F.R. § 21.8(d) (2009).[2]   This action renders the matter

---

[2]The GAO's regulations concerning an agency's payment of costs and fees in bid protest actions are set forth in its regulations regarding remedies in 4. C.F.R. § 21.8 (2010).  The regulations provide the GAO's general authority to recommend payment of costs and fees, the procedure for requesting such a recommendation, and the process by which a protester must file its claim for costs and fees with the agency.  Those regulations state:

> (d) If GAO determines that a solicitation, proposed award, or award does not comply
> with statute or regulation, it may recommend that the agency pay the protester the
> costs of:
>> (1) Filing and pursuing the protest, including attorneys' fees and consultant
>> and expert witness fees; and
>> (2) Bid and proposal preparation.
> (e) If the agency decides to take corrective action in response to a protest, GAO may
> recommend that the agency pay the protester the reasonable costs of filing and
> pursuing the protest, including attorneys' fees and consultant and expert witness fees.
> The protester shall file any request that GAO recommend that costs be paid within
> 15 days of the date on which the protester learned (or should have learned, if that is
> earlier) that GAO had closed the protest based on the agency's decision to take
> corrective action.  The protester shall furnish a copy of its request to the agency,
> which may file a response within 15 days after receipt of the request, with a copy
> furnished to the protester.
> (f)      (1) If GAO recommends that the agency pay the protester the costs of filing

academic; we will not consider academic protests. [citation omitted] Accordingly, the protest is dismissed.

On September 17, 2009, ninety-eight days after the GAO's dismissal of the protest, Freedom Scientific submitted a claim to the VA for protest costs and attorneys' fees totaling $36,503.18.  On November 3, 2009, counsel for the VA wrote an email to the plaintiff suggesting that the plaintiff submit its request for fees to the GAO.  The VA email quoted a portion of the GAO's order of dismissal and the regulation cited therein and added:

> VA recognizes that GAO's decision did not contain the corollary to this that almost every decision contains and that is:
>
>> [4 C.F.R. § 21.8 ]f(1)[3] if GAO recommends that the contracting agency pay the protester the costs of filing and pursuing the protest and/or of bid and proposal preparation, the protester and the agency shall attempt to reach agreement on the amount of costs.  The protester shall file its costs incurred, with the contracting agency within 60 days after receipt of GAO's recommendation that the agency pay the protester its costs.  Failure to file the claim within that time may result in forfeiture of the protester's right to recover its costs.

---

and pursuing the protest and/or of bid or proposal preparation, the protester and the agency shall attempt to reach agreement on the amount of costs.  The protester shall file its claim for costs, detailing and certifying the time expended and costs incurred, with the agency within 60 days after receipt of GAO's recommendation that the agency pay the protester its costs.  Failure to file the claim within that time may result in forfeiture of the protester's right to recover its costs.

4 C.F.R. § 21.8.

[3]The cited regulation is quoted, supra, note 2.

4

VA has not found a case where an agency paid fees when the fee request was not submitted within the 60 day time frame, nor has Freedom supplied any such case. Rather it appears that the 60 day time frame is rigidly adhered to by GAO and failure to meet that time results in forfeiture of a protester's right to recover costs. [citations omitted]

Therefore, VA suggests that the parties submit this issue to GAO for their decision.

On November 10, 2009, the plaintiff filed a protest with the GAO alleging that the VA had failed to take corrective action "in accordance with the agency's express representations" and that imposition of the sixty-day time limit "lacks any merit" because the plaintiff had not been notified of the imposition of such a limit. The plaintiff requested that the GAO "recommend that the VA take corrective action by paying Freedom Scientific's reasonable attorney's fees." GAO dismissed this request on February 23, 2010, stating:

Where our Office recommends that an agency reimburse a protester the costs of filing and pursuing its protest, our Regulations require that the protester file its claim for those costs, detailing and certifying the time expended and costs incurred, with the contracting agency within 60 days after receipt of the recommendation. 4 C.F.R. § 21.8(f)(1). Our Regulations expressly warn that failure to file a claim within that time may result in forfeiture of the protester's right to recover its costs. Id. Since our Regulations are published in the Federal Register, protesters are on constructive knowledge of their contents; a protester's lack of actual notice of our Regulations is not a defense to dismissal of its claim for failure to comply with them. [citation omitted] Thus, the fact that our dismissal did not reference the 60-day filing requirement–or that [Freedom Scientific] was not otherwise aware of the requirement–did not affect the protester's obligation to comply with it.

Subsequently, the plaintiff filed its complaint in this court on June 8, 2010. The complaint alleges that Freedom Scientific and the VA had either an express or implied-in-

fact contract by which the VA promised to pay the plaintiff's protest costs and attorneys' fees in exchange for the plaintiff's removal of its objection to dismissal of the original protest.  Specifically, the plaintiff alleges:

> After Freedom Scientific, by counsel, notified the VA of its objection to the dismissal, the VA, by counsel agreed to pay Freedom Scientific's protest costs and attorneys' fees in consideration of Freedom Scientific's agreement to remove its objection to the dismissal of the protest.  The VA had the authority to agree to pay protest costs and attorneys' fees pursuant to 31 U.S.C. § 3554(c).  Upon information and belief, VA counsel acted upon the direction and with the knowledge and authorization of the VA contracting officer with responsibility for the procurement.  The VA contracting officer also ratified the agreement by accepting the benefit of the bargain between the VA and Freedom Scientific.  VA counsel otherwise had implied or express actual authority to agree to pay Freedom Scientific's protest costs and attorney's fees and to bind the United States to an express or implied-in-fact contract.

The plaintiff further alleges that its express or implied-in-fact contract with the VA regarding payment of fees and costs included no term regarding a certain date by which Freedom Scientific had to submit its claim to the agency.  Thus, the plaintiff asserts that the VA's refusal to pay its costs and fees constitutes a breach of contract.  As relief, the plaintiff seeks a declaration that the VA has breached either an express or implied-in-fact contract to pay Freedom Scientific's fees and costs related to its bid protest and a judgment awarding the plaintiff $36,503.18.

The government has filed a motion to dismiss the complaint pursuant to RCFC 12(b)(1) on the grounds that the plaintiff has not established the existence of a contract between Freedom Scientific and the government, which would confer jurisdiction upon this court.  In the alternative, the government has moved to dismiss the complaint

pursuant to RCFC 12(b)(6) on the grounds that, even if such a contract existed, the GAO regulation requiring submission of a claim for costs and attorneys' fees within sixty days would still apply, and thus the plaintiff has failed to state a claim upon which relief may be granted.

## II.   MOTION TO DISMISS

### A.   Standard of Review

The standard for ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) is well settled.  The plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  Because jurisdiction is a threshold matter, a case can proceed no further if a court lacks jurisdiction to hear it.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998).  See generally John R. Sand & Gravel v. United States, 552 U.S. 130 (2008).  It is well settled that when a court considers a motion to dismiss for lack of subject matter jurisdiction, it may look beyond the pleadings and "inquire into jurisdictional facts" to determine whether jurisdiction exists.  Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

**B.     Discussion**

The government argues that the plaintiff's claim that the VA breached an

agreement to pay the plaintiff's fees and costs is not within this court's jurisdiction

because, contrary to the plaintiff's allegations, no contract between the plaintiff and the

VA exists.  The plaintiff contends that the email correspondence between counsel for

Freedom Scientific, the GAO, and the VA on June 10 and 11, 2009 resulted in an

enforceable agreement by the VA to pay the plaintiff's costs and attorneys fees.  The

plaintiff further argues that this agreement was memorialized in the GAO's June 11, 2009

dismissal of Freedom Scientific's bid protest.

The Tucker Act states that the Court of Federal Claims possesses jurisdiction over

claims "founded either upon the Constitution, or any Act of Congress or any regulation of

an executive department, or upon any express or implied contract with the United States,

or for liquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (2006).

It is well established that the jurisdiction of this court is limited and subject only to

express waiver of sovereign immunity.  Jentoft v. United States, 450 F.3d 1342, 1349

(Fed. Cir. 2006).  Thus, in order for this court to possess jurisdiction, the plaintiff in this

case must establish by a preponderance of the evidence the existence of a contract

between the plaintiff and the government.

The elements of proof required to establish the existence of a contract have been

described by the Federal Circuit:

The requirements for a contract between the United States and a private party are (1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract. . . . . A contract need not be memorialized in a single document; rather, "a contract may arise as a result of the confluence of multiple documents" so long as there is "a clear indication of intent to contract[,] and the other requirements for concluding that a contract was formed" are met.

Suess v. United States, 535 F.3d 1348, 1359 (Fed. Cir. 2008) (citing D & N Bank v. United States, 331 F.3d 1374, 1378 (Fed. Cir. 2003); Lewis v. United States, 70 F.3d 597, 600 (Fed. Cir. 1995); Cal. Fed. Bank, F.S.B. v. United States, 245 F.3d 1342, 1347 (Fed. Cir. 2001)) (brackets in original); see also Hanlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003).  These elements apply to both express and implied-in-fact contracts. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001).

The government contends that the plaintiff has failed to allege mutual intent to enter into either an express or implied-in-fact contract.  In particular, the government contends that Freedom Scientific has failed to adequately allege the existence of either an unambiguous offer or acceptance, which would demonstrate the parties' mutual intent to contract.  The government argues that the June 10, 2009 email from the plaintiff's counsel to the GAO, copying counsel for the VA, objecting to the VA's request for dismissal did not constitute an offer to the VA.  The government further argues that the June 11, 2009 email from the VA to the plaintiff and the GAO cannot be construed as the acceptance of any offer, even if the plaintiff had made one.  The plaintiff contends that its email that was copied to the VA unambiguously manifested a willingness to withdraw the plaintiff's

objection of dismissal if the VA agreed to pay the plaintiff's protest costs and attorneys' fees.  The plaintiff also contends that the VA's response to the plaintiff's emails was an unambiguous acceptance of the plaintiff's offer.  The court finds that the government has the better argument.

"To demonstrate a party's intent to contract, '[T]here needs to be something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights. . . . [T]here must . . . be a clear indication of intent to contract.'"  Legal Aid Soc'y v. United States, 92 Fed. Cl. 285, 298 (2010) (quoting D & N Bank, 331 F.3d at 1377 (alterations in original); see also 1st Home Liquidating Trust v. United States, 581 F.3d 1350, 1355 (Fed. Cir. 2009).  First, regarding the offering party, "[c]ontract formation requires that an offer must be definite enough to demonstrate the mutual intent of the parties to contract with one another."  Medical Dev. Intern., Inc. v. United States, 89 Fed. Cl. 691, 704 (2009) (citing Tree Farm Dev. Corp. v. United States, 585 F.2d 493, 499-500 (Ct. Cl. 1978); Russell Corp. v. United States, 537 F.2d 474, 482 (Ct. Cl. 1976); Restatement (Second) of Contracts § 24 (1981) ("An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it.")).

Freedom Scientific's June 10, 2009 email, which the plaintiff contends constituted an offer to enter into a contract with the VA, reads:

We object to the VA's request for dismissal of the protest insofar as the VA's letter of June 9, 2009 concerning the corrective action does not address

10

> Freedom Scientific's request for relief in the form of reimbursement of its
> costs of filing and pursuing the protest or your stated recommendation that the
> VA reimburse such costs.  <u>We do not want to waive any right to pursue or
> obtain these costs.</u>

(emphasis added.)  While the plaintiff contends that this email, which was addressed to

the GAO and merely copied to VA counsel, constituted "a manifestation of willingness to

agree to the dismissal (if the VA agreed to pay attorneys' fees) that justified the VA in

understanding that its assent to that bargain was invited and would conclude it," Pl.'s

Resp. at 10-11, the court finds that this email was simply an expression of the plaintiff's

objection and the plaintiff's desire to retain its right to pursue costs before the GAO.

Indeed, as noted, <u>supra</u> note 2, GAO regulations explicitly set forth the procedure under

which a protester may seek a GAO recommendation that the agency pay costs and fees:

> If the agency decides to take corrective action in response to a protest, GAO
> may recommend that the agency pay the protester the reasonable costs of filing
> and pursuing the protest, including attorneys' fees and consultant and expert
> witness fees.  <u>The protester shall file any request that GAO recommend that
> costs be paid within 15 days of the date on which the protester learned (or
> should have learned, if that is earlier) that GAO had closed the protest based
> on the agency's decision to take corrective action</u>.  The protester shall furnish
> a copy of its request to the agency, which may file a response within 15 days
> after receipt of the request, with a copy furnished to the protester.

4 C.F.R. § 21.8(e) (emphasis added).  The plaintiff's email does not include any statement

that the plaintiff will remove its objection to the dismissal if the VA agreed to pay costs

and fees, nor would such a statement make sense in the GAO regulatory context, in which

a protester may seek costs and fees following the dismissal of a protest.  <u>See</u> <u>id.</u>  Indeed,

the plaintiff's email was not even addressed "to" VA counsel; she was merely sent a copy.

Further, because the plaintiff could pursue costs and fees following dismissal of the protest, the GAO's dismissal was not contingent on the plaintiff's removal of its objection on the grounds that it sought costs and fees. In other words, the plaintiff's statement that it "object[ed]" to dismissal and "[did] not want to waive" its right to pursue costs and fees appears to be nothing more than a statement to the GAO, and copied to the VA, that Freedom Scientific was seeking a GAO recommendation that the agency pay protest costs and fees, as is set forth in 4 C.F.R. § 21.8(e).

Because the court does not accept as valid the plaintiff's allegation that its June 10, 2009 email constituted an offer to the VA, the court similarly cannot accept the contention that the VA's June 11, 2009 email constituted an acceptance. That email states simply, "As part of the corrective action VA agrees to pay reasonable attorneys fees." First, the VA cannot have accepted what was not an unambiguous expression by the plaintiff of intent to enter into an agreement with the VA. Further, just as the plaintiff's June 10, 2009 email is most reasonably construed as an expression of its intent to pursue its rights within the GAO regulations concerning requests for fees and costs, the VA's response to this email is most reasonably read in this context as well, as a waiver of the VA's right to challenge such a request, a right it possess pursuant to GAO regulations. See 4 C.F.R. § 21.8(e) ("The protester shall furnish a copy of its request to the agency, which may file a response within 15 days after receipt of the request, with a copy furnished to the protester."). Those regulations, as noted, require a protester to file a

claim for costs and fees within sixty days or risk forfeiture of its claim.[4]  Thus, the VA's

waiver of its right to challenge a request for costs and fees was in no way a waiver of the

applicability of the sixty-day time limit for a protester's submission of its claim for costs

and fees to the agency set forth in 4 C.F.R. § 21.8(f)(1).  In other words, the VA's

statement was not an indication of any intent to enter into an agreement outside of the

context of the GAO regulations.

The court thus finds that neither of the parties expressed "a clear indication of

intent to contract," as is required to enter into an express or implied-in-fact contract.

Rather, Freedom Scientific indicated to the GAO that it sought a GAO recommendation

for the payment of costs and fees, and the VA indicated to both Freedom Scientific and

the GAO that it did not oppose such a recommendation.  The resulting GAO order, which

states, "VA will also reimburse the protester in the costs of filing and pursuing its protest,

including reasonable attorneys' fees," and which cites the applicable Bid Protest

---

[4]The GAO has stated:

Consistent with the intent of our Regulations to have protest matters resolved
efficiently and quickly, the 60-day timeframe for filling claims with the contracting
agency was specifically designed to avoid the piecemeal presentation of claims and
to prevent unwarranted delays in resolving such claims.  That timeframe affords
protesters ample opportunity to submit adequately substantiated certified claims.  A
protester's failure to initially file an adequately supported claim in a timely manner
results in forfeiture of a protester's right to recover costs.

Keaton Corrections, Inc., B-293348.3, 2004 CPD ¶ 213 at 2 (Comp. Gen. Oct. 25, 2004) (citing
Aalco Forwarding, Inc., B-277241.30, 1999 CPD ¶ 36 at 4 (Comp. Gen. July 30, 1999); HG
Props. A. L.P., B-277572.8, 1998 CPD ¶ 62 at 2 (Comp. Gen. Sept. 9, 1998)).

Regulation, 4 C.F.R. § 21.8(d), is not a memorialization of an agreement between the parties as the plaintiff claims, but is instead an order based on the plaintiff's indication that it would seek fees and the agency's indication that it would not oppose that request. The only obligation upon the VA to pay costs and fees was imposed by the GAO order, which expressly cited the regulations applicable to such an order.  Based on the facts alleged, no independent binding agreement between Freedom Scientific and the VA regarding payment of costs and fees existed.

For these reasons, the court finds that the plaintiff's complaint does not adequately allege the existence of a contract, as formed by an offer and an acceptance of that offer, which would evidence mutual intent to enter into a contract.  Without these necessary elements to the formation of a contract, the court finds that no enforceable agreement between the plaintiff and the VA existed, and thus the plaintiff's complaint, which does not allege any other money-mandating obligation, is not within this court's jurisdiction.[5]

## III.   CONCLUSION

Having failed to establish the mutuality of intent to enter into an agreement between Freedom Scientific and the VA, the plaintiff's allegation that it had an enforceable agreement with the government to pay $36,503.18 in attorneys' fees and costs

---

[5]Having found that the plaintiff has not adequately alleged the existence of a binding agreement between Freedom Science and the VA because of the lack of mutual intent to contract, the court does not reach the government's argument regarding the lack of consideration to support a binding agreement or the government's argument that Ms. Brown, counsel for the VA, did not have authority to enter into a contract on behalf of the government.

must fail.  Having found that a contract was not created by the exchanges between the

plaintiff, the GAO, and the VA, the court concludes that the plaintiff has not alleged a

claim within this court's jurisdiction, as such claims must be "founded either upon the

Constitution, or any Act of Congress or any regulation of an executive department, or

upon any express or implied contract with the United States, or for liquidated damages in

cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  It is for this reason that the

government's motion to dismiss is **GRANTED**.[6]  The plaintiff's complaint is

**DISMISSED**.  The clerk is directed to enter judgment accordingly.  Each party shall bear

its own costs.

   **IT IS SO ORDERED**.


                                   **s/Nancy B. Firestone**
                                   NANCY B. FIRESTONE
                                   Judge

---

[6]Having concluded that the court lacks jurisdiction, the court does not reach the
government's motion in the alternative to dismiss the complaint for failure to state a claim upon
which relief may be granted pursuant to RCFC 12(b)(6).  However, the court agrees with the
government that the GAO's order made clear that the GAO regulations that govern the award of
attorneys' fees and costs were applicable to the GAO's order dismissing the plaintiff's protest.